**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT J. MURILLO,

      Petitioner,                   Civil No. 2:11-CV-12022
                                     HONORABLE NANCY G. EDMUNDS
v.                                  UNITED STATES DISTRICT JUDGE

J. WALTON,

      Respondent,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

Robert J. Murillo, ("petitioner"), a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his application, filed *pro se*, petitioner challenges his sentence for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1).  In the alternative, petitioner seeks relief pursuant to the All Writs Act, 28 U.S.C. § 1651.  For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DISMISSED.**

**I.  BACKGROUND**

In 1995, petitioner was found guilty of the above offenses, as well as an additional count of possession of a firearm during a drug offense, in violation of 18 U.S.C. § 924(c)(1), following a jury trial in the United States District Court for the Eastern District of Michigan. Petitioner was sentenced to concurrent terms of 235 months for each drug offense and a

consecutive 60 month term of imprisonment for the firearm conviction.

The Sixth Circuit affirmed the drug convictions, but vacated the firearm conviction and remanded for resentencing. *United States v. Murillo*, 99 F. 3d 1140 (Table); No. 1996 WL 593607 (6th Cir. October 15, 1996), *cert. denied*, 519 U.S. 1067 (1997).

On remand, the district court judge ruled that petitioner's base offense level for the two drug convictions should be increased by two levels pursuant to United States Sentencing Commission, Guidelines Manual (USSG) § 2D1.1(b)(1) for possession of a dangerous weapon during certain drug offenses.  Based on the scoring of this offense level, petitioner's new guideline range was 292-365 months.   Petitioner was sentenced to concurrent 295 month sentences.

On appeal, the Sixth Circuit upheld the two level enhancement of petitioner's base offense level pursuant to USSG § 2D1.1(b)(1). *See U.S. v. Murillo,* 142 F.3d 437 (Table); No. 1998 WL 136595 (6th Cir. March 20, 1998); *cert. den.* 525 U.S. 881 (1998).

Petitioner then filed a post-conviction motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied. *United States v. Murillo*, U.S.D.C. No. 94-CR-81261 (E.D. Mich. June 7, 2001); *app. dism.* U.S.C.A. No. 01-2344 (6th Cir. April 29, 2002).

Petitioner was subsequently denied permission to file a successive motion to vacate sentence. *In Re Murillo,* U.S.C.A. 04-1303 (6th Cir. September 22, 2004).

Petitioner subsequently filed a motion for relief from judgment under Rule 60(b), which was construed as a second or successive § 2255 motion and transferred to the Sixth Circuit. *United States v. Murillo,* U.S.D.C. 94-CV-81261-DT (E.D. Mich. March 3, 2005). Petitioner was again denied permission to file a successive motion to vacate sentence. *In Re Murillo,* U.S.C.A. 05-1300 (6th Cir. December 5, 2005).

2

Petitioner was subsequently denied permission by the Sixth Circuit to file a successive motion to vacate sentence. *In Re Murillo,* U.S.C.A. 06-1151 (6th Cir. September 20, 2006).

Petitioner subsequently filed another motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), which was denied. *United States v. Murillo,* U.S.D.C. 94-CR-81261; No. 2008 WL 1901257 (E.D. Mich. April 25, 2008).

Petitioner then filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e), which was denied. *United States v. Murillo,* U.S.D.C. 94-81261; No. 2009 WL 2351771 (E.D. Mich. July 29, 2009); *app. dism.* No. 09-2009 (6th Cir. March 8, 2010).

In 2010, petitioner filed with the Sixth Circuit another motion to authorize the district court to consider a successive motion to vacate sentence.  In this motion, petitioner contended that the district court improperly enhanced his sentence on the drug offenses by four years and five months beyond the twenty year statutory maximum on remand from the Sixth Circuit following the reversal of his firearm conviction.  The Sixth Circuit denied petitioner permission to file a successive motion, ruling that petitioner's claim did not satisfy the standard for permission to file a successive § 2255 motion. *In Re Murillo,* U.S.C.A. 10-1286 (6th Cir. November 16, 2010).

Petitioner has now filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he seeks relief on the following ground:

> The petitioner is actually innocent of the extended term of his 20 year statutory maximum under 21 U.S.C. § 841(b)(1)(C).

## II.  DISCUSSION

A petition for a writ of habeas corpus must set forth facts that give rise to a cause

3

of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.* Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *See e.g. Perez,* 157 F. Supp. 2d at 796(additional citations omitted). Because the instant petition is facially insufficient to grant habeas relief, the petition is subject to summary dismissal. *Id.*

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998). However, a motion to vacate sentence under § 2255 is the proper avenue for relief as to a federal inmate's claims that his or her sentence was imposed in violation of the federal constitution or laws.

4

*Id.*

A federal prisoner may bring a claim challenging his or her conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of the defendant's detention. *Charles v. Chandler*, 180 F. 3d 753, 756 (6th Cir. 1999). Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence. *Id.* at 758; *See also Robinson v. Hemingway,* 175 F. Supp. 2d 915, 916 (E.D. Mich. 2001). The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not necessarily meet that burden. *In Re Gregory*, 181 F. 3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence. *Charles v. Chandler,* 180 F. 3d at 756. Thus, the mere fact that the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) might prevent petitioner from filing a second or successive motion to vacate or set aside the sentence, in the absence of newly discovered evidence or a new rule of constitutional law, would not render the remedy provided by such motion inadequate or ineffective to allow him to petition for habeas corpus relief under 28 U.S.C. § 2241. *Hervey v. United States*, 105 F. Supp. 2d 731, 733 (E.D. Mich. 2000). Similarly, a habeas petitioner's § 2255 remedy is not inadequate merely because the petitioner permitted the AEDPA's one year statute of limitations to expire. *Charles,* 180 F. 3d at 758.

5

The circumstances under which a motion to vacate sentence brought pursuant to § 2255 might be deemed inadequate and ineffective so as to permit relief via a writ of habeas corpus under § 2241 are narrow, as the "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *United States v. Peterman*, 249 F. 3d 458, 461 (6th Cir. 2001). To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey,* 105 F. Supp. 2d at 733 (citing to *Charles v. Chandler,* 180 F. 3d at 757).

Petitioner contends that the district court judge on remand erred in increasing his base offense level by two levels pursuant to USSG § 2D1.1(b)(1) of the United States Sentencing Guidelines for possession of a dangerous weapon during the commission of certain drug offenses.

Petitioner's claim that the district court improperly enhanced his sentence for possession of a dangerous weapon pursuant to USSG § 2D1.1(b)(1) involves a challenge to the imposition of his sentence which should have been brought in a motion to vacate sentence pursuant to 28 U.S.C. § 2255. *See Hernandez v. Morrison,* 56 Fed. Appx. 707, 708 (6th Cir. 2003)(habeas petitioner's claim that the sentencing court erroneously charged weapon enhancement at sentencing involved a challenge to the imposition of sentence that could not be brought in a § 2241 habeas petition); *Harris v. U.S*., 205 F.3d 1340 (Table); No. 2000 WL 145179, * 1 (6th Cir. February 4, 2000)(petitioner could not use § 2241 to bring claim that his offense level was improperly enhanced for possession of a firearm under USSG § 2D1.1); *Craven v. Chandler*, 187 F.3d 635 (Table); No. 1999 WL 623351,

6

* 1 (6th Cir. August 9, 1999)(same).

To the extent that petitioner is bringing a claim under *United States v. Booker,* 543 U.S. 220 (2005) and *Blakely v. Washington,* 542 U.S. 296 (2004) to argue that the district court's scoring of USSG § 2D1.1(b)(1) violated his Sixth Amendment right to a trial by jury, petitioner would not be entitled to habeas relief. The Sixth Circuit has held that neither *Blakely nor Booker* can be applied retroactively to cases on collateral review. *See Humphress v. United States,* 398 F. 3d 855, 860 (6th Cir. 2005). Indeed, the language in *Booker* seems to suggest that it should only be given prospective effect. *See United States v. Booker,* 543 U.S. at 268 (*Booker* should apply to all cases on direct review).

The mere fact that petitioner is precluded under the AEDPA from bringing a second or successive motion to vacate sentence in which he could raise a *Booker* claim does not render his remedy under § 2255 to be inadequate or ineffective. Relief under § 2255 will become available to federal defendants like petitioner if and when *Booker* and *Blakely* are made retroactively applicable to cases on collateral review. *See e.g. Robinson v. Hemingway,* 175 F. Supp. 2d at 918.

Finally, petitioner's claim does not fall within the actual innocence exception that would allow him to file a § 2241 petition, because the Sixth Circuit has numerous times held that a habeas petitioner's challenge to his or her sentence cannot serve as the basis for an actual innocence claim under § 2241. *See Bannerman v. Snyder,* 325 F. 3d 722, 724 (6th Cir. 2003)*; Raymer v. Barron,* 82 Fed. Appx. 431, 432 (6th Cir. 2003); *Leon v. Hemingway,* 53 Fed. Appx. 353, 354 (6th Cir. 2002); *Henry v. Snyder,* 3 Fed.Appx. 339, 340 (6th Cir. 2001).

Without any allegation that his remedy under § 2255 is inadequate or ineffective,

7

petitioner is not entitled to habeas relief from his criminal conviction and sentence pursuant to 28 U.S.C. § 2241.  Moreover, this Court cannot construe this petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *In re Shelton*, 295 F. 3d 620, 622 (6th Cir. 2002).

Finally, the Court notes that petitioner in the alternative has requested relief pursuant to the All Writs Act contained in 28 U.S.C. § 1651.  "The All Writs Act provides the vehicle by which the federal courts may issue writs in exercise of their clearly delineated jurisdiction, but the Act does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject matter jurisdiction." *Daniels v. U.S.* 25 Fed.Appx. 355, 356 (6th Cir. 2002)(citing *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)).  Although a petitioner can challenge his or her conviction by filing for a writ of coram nobis pursuant to 28 U.S.C. § 1651, he or she can only do so if the prisoner is no longer in federal custody. *U.S. v. Acosta*, 10 Fed. Appx. 294, 295-96 (6th Cir. 2001)(citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)).  Because petitioner remains in federal custody, he cannot seek relief from his conviction or sentence by means of a writ of coram nobis. *Id.*

### III.  ORDER

IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241 is **SUMMARILY DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for

one with this Court or with the Sixth Circuit before filing an appeal from the denial of his

habeas petition.


                              s/Nancy G. Edmunds
                              Nancy G. Edmunds
                              United States District Judge

Dated:  May 18, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 18, 2011, by electronic and/or ordinary mail.

                              s/Carol A. Hemeyer
                              Case Manager